JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ANGELA HOOVER | MONARCH RECOVERY MANAGEMENT, INC. |

**(b)** County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
    Plaintiff

☐ 2  U.S. Government
    Defendant

☒ 3  Federal Question
    (U.S. Government Not a Party)

☐ 4  Diversity
    (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Med. Malpractice | ☐ 625 Drug Related Seizure |    28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 365 Personal Injury - |    of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|    & Enforcement of Judgment |    Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent |    Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |    Liability |    Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
|    Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** |    Safety/Health | | ☐ 490 Cable/Sat TV |
|    (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |    Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |    Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle |    Property Damage |    Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract |    Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |    12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |    Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |    Injury | |    & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |    Sentence | ☐ 791 Empl. Ret. Inc. |    or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** |    Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |    Accommodations | ☐ 530 General | |    26 USC 7609 |    Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |    Under Equal Access |
| |    Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | |    to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition |    Alien Detainee | | ☐ 950 Constitutionality of |
| |    Other | | ☐ 465 Other Immigration | |    State Statutes |
| | ☐ 440 Other Civil Rights | |    Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original
    Proceeding

☐ 2  Removed from
    State Court

☐ 3  Remanded from
    Appellate Court

☐ 4  Reinstated or
    Reopened

☐ 5  Transferred from
    another district
    (specify)

☐ 6  Multidistrict
    Litigation

☐ 7  Appeal to District
    Judge from
    Magistrate
    Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S)

(See instructions)

JUDGE _____     DOCKET NUMBER _____

Explanation:

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 7-5-11 | /S/ CRAIG THOR KIMMEL |

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 900 May Post Office Road, Strasberg PA 17579

Address of Defendant: 10965 Decater Road, Philadelphia PA 19154

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☑

Does this case involve multidistrict litigation possibilities?   Yes☐ No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases   15 U.S.C §1692
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Craig Thor Kimmel, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 7-5-11   Craig Thor Kimmel   57100
          Attorney-at-Law   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7-5-11   Craig Thor Kimmel   57100
          Attorney-at-Law   Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Angela Hoover

                          :                 CIVIL ACTION

v.

Monarch Recovery Management Inc.

                          :                 NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.        (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( )

| 7-5-11 | Craig Thor Kimmel | Angela Hoover |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-540-8888 | 877-788-2864 | Kimmel@creditlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANGELA HOOVER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| MONARCH RECOVERY MANAGEMENT, ) INC., | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

ANGELA HOOVER ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MONARCH RECOVERY MANAGEMENT, INC. ("Defendant"):

### INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

1

3.      Defendant conducts business and has its main office in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

5.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.


## PARTIES

6.      Plaintiff is a natural person residing in Strasburg, Pennsylvania, 17579.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a debt collection company with its principal place of business located at 10965 Decatur Road, Philadelphia, Pennsylvania, 19154.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.


## PRELIMINARY STATEMENT

11.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

PLAINTIFF'S COMPLAINT

1    misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or

2    unconscionable conduct, both generally and in a specific list of disapproved practices.

3         12.    In particular, the FDCPA broadly enumerates several practices considered

4    contrary to its stated purpose, and forbids debt collectors from taking such action. The

5    substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not

6    engage in any conduct the natural consequence of which is to harass, oppress, or abuse any

7    person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Second, a "debt

8    collector may not use any false, deceptive, or misleading representation or means in connection

9    with the collection of any debt." 15 U.S.C. § 1692e.  And third, a "debt collector may not use

10   unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

11   The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there

12   exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which

13   harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in

14   connection with the collection of a debt.

15         13.    In enacting the FDCPA, the United States Congress found that "[t]here is

16   abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many

17   debt collectors," which "contribute to the number of personal bankruptcies, to marital instability,

18   to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.  Congress

19   additionally found existing laws and procedures for redressing debt collection injuries to be

20   inadequate to protect consumers. 15 U.S.C. § 1692b.

21         14.    Congress enacted the FDCPA to regulate the collection of consumer debts by debt

22   collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection

23   practices by debt collectors, to insure that debt collectors who refrain from using abusive debt

3

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15.     At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16.     The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17.     Beginning in or before June 2010, Defendant constantly and continuously contacted Plaintiff on her home telephone seeking and demanding payment for a consumer debt.

18.     Plaintiff received telephone calls and voice messages from Defendant on a number of occasions from the following telephone number: (800) 503-3852, which the undersigned confirmed is a phone number for Defendant.

19.     Defendant contacted Plaintiff several times a week, causing her to receive, on average, more than ten (10) collection calls a week.

20.     For example, Defendant contacted Plaintiff on Monday, May 24, 2010, at 8:15 a.m.; on Wednesday, May 26, 2010, at 9:25 a.m.; and Friday, May 28, 2010, at 8:24 a.m.

21.     In addition to continuously and repeatedly contacting Plaintiff, Defendant left automated, pre-corded, voicemail messages on her home answering machine, which were able to be heard by other people in her family, including her minor children.

22.     For example, on June 8, 2010, at 8:23 a.m., Defendant contacted Plaintiff on her home telephone and left the following pre-recorded, voicemail message:

> Message from 1-800-503-3852 at 8:23 a.m. June 8[th]. This is a
> message for Angela Hoover.  If this is not you, please hang-up or

4

> disconnect. By continuing to listen to this message you acknowledge you are Angela Hoover.
>
> This is Monarch Recovery Management. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about this matter at 888-220-2577 and refer to file number 98500370. Thank you.

See Exhibit A, June 8, 2010, voicemail message from Defendant.

23. Defendant continued to contact Plaintiff, leaving the same pre-recorded, voicemail message on Plaintiff's voicemail. Plaintiff saved some of those voicemail messages, specifically the ones that she received from Defendant on: July 5, 2010; July 11, 2010; and July 13, 2010.

24. On July 6, 2010, at 9:26 a.m., Defendant called Plaintiff on her home telephone and left the following pre-recorded, voicemail message:

> Third message from 1-800-503-3852 at 9:26 a.m. July 6th. This is a message for Angela Hoover. If this is not you please hang-up or disconnect. By continuing to listen to this message you acknowledge you are Angela Hoover.
>
> This is Monarch Recovery Management. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about this matter at 888-220-2577 and refer to file number 98500370. Thank you.

See Exhibit B, July 6, 2010, voicemail message from Defendant.

25. Also, on July 11, 2010, at 12:20 p.m., Defendant again called Plaintiff on her home telephone and left the following pre-recorded, voicemail message:

> Sixth message from 1-800-503-3852 at 12:20 p.m., July 11[th]. This is a message for Angela Hoover. If this is not you please hang-up or disconnect. By continuing to listen to this message you acknowledge you are Angela Hoover.
>
> This is Monarch Recovery Management. This communication is

5

1

2

3

> from a debt collector. This is an attempt to collect a debt and any
> information obtained will be used for that purpose. Please contact
> me about this matter at 888-220-2577 and refer to file number
> 98500370. Thank you.

4

<u>See</u> Exhibit C, July 11, 2010, voicemail message from Defendant.

5

6

26.    Thereafter, on July 13, 2010, at 8:57 a.m., Defendant called Plaintiff on her home telephone and left the following pre-recorded, voicemail message:

7

8

9

> Eighth message from 1-800-503-3852 at 8:57 a.m., July 13th. This
> is a message for Angela Hoover. If this is not you please hang-up
> or disconnect.  By continuing to listen to this message you
> acknowledge you are Angela Hoover.

10

11

12

> This is Monarch Recovery Management. This communication is
> from a debt collector.  This is an attempt to collect a debt and any
> information obtained will be used for that purpose.  Please contact
> me about this matter at 888-220-2577 and refer to file number
> 98500370.  Thank you.

13

<u>See</u> Exhibit D, July 13, 2010, voicemail message from Defendant.

14

15

27.    Most recently, on August 3, 2010, Defendant called Plaintiff on her home telephone and left the following pre-recorded, voicemail message stating:

16

17

18

> Eleventh message from 1-800-503-3852 yesterday at 8:13 a.m.
> This is a message for Angela Hoover. If this is not you please
> hang-up or disconnect. By continuing to listen to this message you
> acknowledge you are Angela Hoover.

19

20

21

> This is Monarch Recovery Management. This communication is
> from a debt collector.  This is an attempt to collect a debt and any
> information obtained will be used for that purpose.  Please contact
> me about this matter at 888-220-2577 and refer to file number
> 98500370.  Thank you.

22

<u>See</u> Exhibit E, voicemail message from Defendant.

23

24

28.    When contacting Plaintiff on her telephone, upon information and belief, Defendant used an automated telephone dialing system or pre-recorded or artificial voice.

25

29.    Plaintiff did not expressly consent to Defendant's placement of telephone calls to

6

PLAINTIFF'S COMPLAINT

her telephone by the use of an automatic telephone dialing system or pre-recorded or artificial voice prior to Defendant's placement of the calls.

30.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

31.     Plaintiff never expressly consented to the placement of calls to her home telephone by the use of an automatic telephone dialing system or pre-recorded or artificial voice from the original creditor of the account that Defendant was seeking to collect.

32.     Despite knowing that it did not have her prior express consent, Defendant willfully and knowingly placed automated telephone calls to Plaintiff's home telephone and left pre-recorded or automated messages.

33.     Finally, in those instances where Plaintiff spoke with Defendant, Defendant asked questions about her marital status, the number of dependants she had, and other personal information, which Plaintiff believed Defendant was seeking this information solely to harass her as the personal information it was seeking did not have any relation to the alleged debt which Defendant was seeking to collect.

34.     Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.


## CONSTRUCTION OF APPLICABLE LAW

### THE FAIR DEBT COLLECTION PRACTICES ACT

35.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v.

1   Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233

2   F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status

3   violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

4        36.    The FDCPA is a remedial statute, and therefore must be construed liberally in

5   favor of the debtor.  Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006).  The

6   remedial nature of the FDCPA requires that courts interpret it liberally.  Clark v. Capital Credit

7   & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006).  "Because the FDCPA, like the

8   Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be

9   construed liberally in favor of the consumer."  Johnson v. Riddle, 305 F. 3d 1107 (10th Cir.

10  2002).

11       37.    The FDCPA is to be interpreted in accordance with the "least sophisticated"

12  consumer standard.  See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano

13  v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc.,

14  869 F.2d 1222 (9th Cir. 1988).  The FDCPA was not "made for the protection of experts, but for

15  the public - that vast multitude which includes the ignorant, the unthinking, and the credulous,

16  and the fact that a false statement may be obviously false to those who are trained and

17  experienced does not change its character, nor take away its power to deceive others less

18  experienced."  Id.  The least sophisticated consumer standard serves a dual purpose in that it

19  ensures protection of all consumers, even naive and trusting, against deceptive collection

20  practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of

21  collection notices.  Clomon, 988 F. 2d at 1318.

8

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

38.     In 1991, Congress enacted the TCPA, in response to a growing number of consumer complaints regarding certain telemarketing practices.

39.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(B) prohibits the use of autodialers to make any call to a residential telephone line in the absence of an emergency or the prior express consent of the called party.

40.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

### COUNT I

### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

41.     In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

  a.  Defendant violated of the FDCPA generally;

  b.  Defendant violated §1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

  c.  Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

  d.  Defendant violated §1692e of the FDCPA by using false, deceptive, or

9

misleading representations or means in connection with the collection of a debt;

e. Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt; and

f. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

42.    Plaintiff hereby incorporates all facts and allegations specified in all preceding paragraphs, by reference as if fully set forth at length.

43.    The Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S.C. § 227 *et seq.,* prohibits the initiation of any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. See 47 U.S.C. § 227(b)(1)(B).

44.    A person may bring a private cause of action "based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation" under §227(b)(3)(A) of the TCPA.

45.    A person is entitled to bring "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater" under §§ 227(b)(3)(B) and 227(c)(5)(B) of the TCPA.

46.    The Court, in its discretion, is authorized to award up to three (3) times the actual damages sustained for Defendant's violations by §§227(b)(3) and 227(c)(5) of the TCPA.

47.    Defendant repeatedly and regularly placed automated calls to Plaintiff's home telephone, leaving several pre-recorded or automated messages.

10

PLAINTIFF'S COMPLAINT

48.     Neither Defendant nor the original creditor had Plaintiff's prior express consent to place these automated telephone calls to her home telephone.

49.     Despite knowing that it did not have her prior express consent, Defendant willfully and knowingly placed automated telephone calls to Plaintiff's home telephone and left pre-recorded or automated messages.

50.     Defendant's conduct violated § 227(b)(1)(B) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to Plaintiff's residential telephone.

WHEREFORE, Plaintiff, ANGELA HOOVER, respectfully prays for a judgment as follows:

   a.   All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

   b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

   d.   Statutory damages of $500 for each violation of the TCPA, pursuant to 47 U.S.C. § 227(c)(5)(B); and

   e.   Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

1

## DEMAND FOR JURY TRIAL

2

PLEASE TAKE NOTICE that Plaintiff, ANGELA HOOVER, demands a jury trial in

3

this case.

4

RESPECTFULLY SUBMITTED,

5

DATED:  7-5-11                              KIMMEL & SILVERMAN, P.C.

6

7

By: CTK 3654

8

Craig Thor Kimmel
Attorney ID # 57100

9

Kimmel & Silverman, P.C.
30 E. Butler Pike

10

Ambler, PA 19002
Phone: (215) 540-8888

11

Fax: (877) 788-2864
Email: kimmel@creditlaw.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

12

EXHIBITS "A-E" ARE AUDIO FILES
CONTIAINING VOICE MAILS.

A SEPARATE CD CONTAINING
EXHIBITS "A-E" WAS FILED
CONTEMPERANOUSLY WITH THE
ORIGINAL COMPLAINT ON
JULY 5, 2011