**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANGELA HOOVER | Civil Action No. |
| Plaintiff, | |
| vs. | 5:11-CV-04322-CMR |
| MONARCH RECOVERY MANAGEMENT, INC., | |
| Defendant. | |

## ANSWER TO PLAINTIFF'S COMPLAINT

AND NOW COMES, Defendant, Monarch Recovery Management, Inc. (hereinafter "Monarch"), by and through its undersigned counsel, Marshall, Dennehey, Warner, Coleman & Goggin, hereby Answer Plaintiff's Complaint and in support thereof avers as follows:

## ANSWER TO INTRODUCTION

1.     Admitted in part and denied in part.   Monarch admits that Plaintiff brings this action contending that Monarch violated the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq.* ("FDCPA").   Monarch denies that it violated the FDCPA.   A factual basis for the allegations in this Paragraph is demanded of Plaintiff.

## ANSWER TO JURISDICTION AND VENUE

2.     Denied.   The allegations in this paragraph constitute conclusions of law and are denied as such.   Monarch refers all questions of law to the Court.

3.     Admitted in part and denied in part.   Monarch admits that its main office is located in the Commonwealth of Pennsylvania.   All further

allegations in this paragraph are denied as conclusions of law.  Monarch refers all questions of law to the Court.

4.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

5.     Denied.  Although this paragraph sets forth a conclusion of law to which no response is required, it is specifically denied that declaratory relief is available under the FDCPA, even through an attempt to circumvent the FDCPA through the utilization of the Federal Declaratory Judgment Act, 28 U.S.C. Section 2201-02 (1976).  The remaining allegations in this paragraph are denied as conclusions of law.  Monarch refers all questions of law to the Court.

**ANSWER TO PARTIES**

6.     Admitted.  Monarch admits, upon information and belief, that Plaintiff is a natural person residing in Strasburg, Pennsylvania, 17579.

7.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

8.     Admitted.  Monarch admits that its principal place of business is located at 10965 Decatur Road, Philadelphia, Pennsylvania 19154.  Monarch further admits, at times, it engages in the collection of debts.

9.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

10.    Admitted in part and denied in part.  Monarch admits that when its employees are acting within the scope of their employment, Monarch acts through its employees.   Unless otherwise admitted, Monarch denies the allegations in this paragraph.

## ANSWER TO PRELIMINARY STATEMENT

11.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

12.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the court.

13.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

14.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

## ANSWER TO FACTUAL ALLEGATIONS

15.    Admitted in part and denied in part.  Monarch admits that it was retained by Asset Acceptance, LLC on or about February 16, 2010 to try to recover on Plaintiff's valid and delinquent debt obligation originally owned by Brylane Home / World Financial Network in an amount in excess of $725.00.  Unless otherwise admitted, Monarch denies the allegations in this paragraph.

16.     Denied.  Monarch lacks sufficient information, knowledge or belief as to the truth or falsity of the allegations in this paragraph as to the nature of the delinquent debt obligation owed by Plaintiff, and therefore, denies these allegations.  Monarch further denies Plaintiff's mischaracterization of the debt as "alleged", as it was and remains due and owing.  Strict proof of these allegations is demanded of Plaintiff.

17.     Admitted in part and denied in part.  Monarch admits that it began contacting Plaintiff on her home telephone before June 2010 in the course of Monarch's efforts to recover on Plaintiff's valid and delinquent debt obligation. Monarch denies that these calls can reasonably be construed as constant and/or continuous.   Unless otherwise admitted, Monarch denies the allegations in this paragraph.

18.     Admitted in part and denied in part.  Monarch admits that it contacted Plaintiff on her home telephone number and left her voice messages. Unless otherwise admitted, Monarch denies the allegations in this paragraph.

19.     Admitted in part and denied in part.  Monarch admits that in the course of its efforts to recover on Plaintiff's valid and delinquent debt obligation it contacted the Plaintiff more than once a week.  Monarch denies, based upon its account notes, that more than ten (10) collection calls were placed to Plaintiff in a week.  Unless otherwise admitted, Monarch denies the allegations in this paragraph.

20.     Admitted in part and denied in part.  Monarch admits that it placed calls to the Plaintiff on or about the dates and times listed in the

paragraph in effort to collect on Plaintiff's valid and delinquent debt obligation. Monarch denies that these calls violated the FDCPA. Unless otherwise admitted, Monarch denies the allegations in this paragraph.

21. Admitted in part and denied in part. Monarch admits that it left pre-recorded voicemail messages for Plaintiff on her home answering machine in an attempt to collect upon her valid delinquent debt obligation. Monarch denies that these calls were continuous and/or in violation of the FDCPA. Monarch lacks sufficient information, knowledge or belief as to the truth or falsity of the remaining allegations in this paragraph, and therefore, same are denied.

22. Admitted in part and denied in part. Monarch admits that it left a pre-recorded voicemail message for Plaintiff on her home answering machine. Monarch denies that the first sentence of the recording is part of its message, as its pre-recorded message does not state the number, date or time of the call. Additionally, Plaintiff incorrectly transcribed the referenced file number, which is 18500370. Monarch admits that plaintiff's recording of her answering machine service message and Monarch's message is attached to Plaintiff's Complaint as Exhibit "A".

23. Admitted in part and denied in part. Monarch admits that it contacted Plaintiff and left voicemail messages in an attempt to collect upon her valid and delinquent debt obligation on July 11, 2010 and July 13, 2010. Monarch denies that it contact Plaintiff on July 5, 2010. Unless otherwise admitted, Monarch denies the allegations in this paragraph.

24.     Admitted in part and denied in part.  Monarch admits that it left a pre-recorded voicemail message for Plaintiff on her home answering machine. Monarch denies that the first sentence of the recording is part of its message, as its pre-recorded message does not state the number, date or time of the call. Additionally, Plaintiff incorrectly transcribed the referenced file number, which is 18500370.  Monarch admits that plaintiff's recording of her answering machine service message and Monarch's message is attached to Plaintiff's Complaint as Exhibit "B".

25.     Admitted in part and denied in part.  Monarch admits that it left a pre-recorded voicemail message for Plaintiff on her home answering machine. Monarch denies that the first sentence of the recording is part of its message, as its pre-recorded message does not state the number, date or time of the call. Additionally, Plaintiff incorrectly transcribed the referenced file number, which is 18500370.  Monarch admits that plaintiff's recording of her answering machine service message and Monarch's message is attached to Plaintiff's Complaint as Exhibit "C".

26.     Admitted in part and denied in part.  Monarch admits that it left a pre-recorded voicemail message for Plaintiff on her home answering machine. Monarch denies that the first sentence of the recording is part of its message, as its pre-recorded message does not state the number, date or time of the call. Additionally, Plaintiff incorrectly transcribed the referenced file number, which is 18500370.  Monarch admits that plaintiff's recording of her answering

machine service message and Monarch's message is attached to Plaintiff's Complaint as Exhibit "D".

27.    Admitted in part and denied in part.  Monarch admits that it left a pre-recorded voicemail message for Plaintiff on her home answering machine. Monarch denies that the first sentence of the recording is part of its message, as its pre-recorded message does not state the number, date or time of the call. Additionally, Plaintiff incorrectly transcribed the referenced file number, which is 18500370.   Monarch admits that plaintiff's recording of her answering machine service message and Monarch's message is attached to Plaintiff's Complaint as Exhibit "E".

28.    Admitted in part and denied in part.  Monarch admits that when contacting Plaintiff on her home telephone number it, at times, left a pre-recorded message.  Unless otherwise admitted, Monarch denies the remaining allegations in this paragraph.

29.    Denied.  Monarch lacks sufficient information, knowledge or belief as to the truth or falsity of the allegations in this paragraph, and therefore, same are denied.  By way of further answer, Monarch denies that it is required to obtain consent to place automated telephone calls to Plaintiff's home telephone number when attempting to collect upon her valid and delinquent debt obligation.

30.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

31.    Denied.  Monarch lacks sufficient information, knowledge or belief as to the truth or falsity of the allegations in this paragraph, and therefore, same are denied.  By way of further answer, Monarch denies that it is required to obtain consent to place automated telephone calls to Plaintiff's home telephone number when attempting to collect upon her valid and delinquent debt obligation.

32.    Denied.  Monarch lacks sufficient information, knowledge or belief as to the truth or falsity of the allegations in this paragraph, and therefore, same are denied.  By way of further answer, Monarch denies that it is required to obtain consent to place automated telephone calls to Plaintiff's home telephone number when attempting to collect upon her valid and delinquent debt obligation.

33.    Admitted in part and denied in part.  Monarch admits that it in its attempts to collect upon Plaintiff's valid and delinquent debt obligation it requested personal information about Plaintiff so that the its representative could help establish a payment plan for Plaintiff based upon her income and obligations.  Monarch denies that it obtained this information for sole purpose of harassing Plaintiff.   Unless otherwise admitted, Monarch denies the remaining allegations in this paragraph.

34.  Denied.   Monarch denies that its actions were or could be reasonably construed as harassing, abusive or highly deceptive.  Strict proof of these conclusory allegations is demanded of Plaintiff.

**ANSWER TO CONSTRUCTION OF APPLICABLE LAW**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

35.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

36.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

37.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

38.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.  By way of further answer, the FCC has distinguished debt collectors from telemarketers, and therefore, not all of the TCPA's provisions apply to debt collectors, like Monarch.  Specifically, the TCPA does not apply to pre-recorded messages left on a home telephone number.

39.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.  By way of further answer, in accordance with section 277(b)(1)(B), the FCC specifically exempted debt collectors from this provision allowing debt collectors to utilize pre-recorded messages when contacting a consumer.  In the

Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 7 FCC Rcd. 8752, 8771-8772 (1992).

40.   Denied.   The allegations in this paragraph constitute conclusions of law and are denied as such.   Monarch refers all questions of law to the Court.   By way of further answer, the purpose stated in this paragraph refers to telemarketers, not debt collectors, as the FCC specifically exempted debt collectors from this provision of the TCPA.   See Id.

### ANSWER TO COUNT I -DEFENDANT VIOLATED
### THE FAIR DEBT COLLECTION PRACTICES ACT

41.   Denied.   The allegations in this paragraph constitute conclusions of law and are denied as such.   Monarch refers all questions of law to the Court.  By way of further answer, Monarch denies that it violated the FDCPA or that the debt obligation owed by Plaintiff is disputed.   Strict proof of the allegations in this paragraph is demanded of Plaintiff.

a.   Denied.   The allegations in this subpart constitute conclusions of law and are denied as such.   Monarch refers all questions of law to the Court.   By way of further answer, Monarch denies that it violated the FDCPA.

b.   Denied.   The allegations in this subpart constitute conclusions of law and are denied as such.   Monarch refers all questions of law to the Court.   By way of further answer, Monarch denies that it engaged in any conduct that was or could be construed as harassing.

c.   Denied.   The allegations in this subpart constitute conclusions of law and are denied as such.   Monarch refers all questions

of law to the Court.  By way of further answer, Monarch denies that it caused Plaintiff's  phone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff.

d.    Denied.    The allegations  in  this  subpart  constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.  By way of further answer, Monarch denies that it used false, deceptive or misleading representations and/or means in an attempt to collect Plaintiff's valid and delinquent debt obligation.

e.    Denied.    The allegations  in  this  subpart  constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.  By way of further answer, Monarch denies that it used unfair or unconscionable means in an attempt to collect Plaintiff's valid and delinquent debt obligation.

f.    Denied.    The allegations  in  this  subpart  constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.  By way of further answer, Monarch denies that it acted in a deceptive, unfair or unconscionable manner and/or failed to comply with the provisions of the FDCPA.

## ANSWER TO COUNT II – DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

42.    No response to this paragraph is necessary as Plaintiff is merely incorporating prior paragraphs by reference.  To the extent that a response is deemed necessary, Monarch incorporates its response to paragraphs 1 through 41 as though fully set forth herein at length.

43.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.  By way of further answer, in accordance with section 277(b)(1)(B), the FCC specifically exempted debt collectors from this provision allowing debt collectors to utilize pre-recorded messages when contacting a consumer on his/her residential telephone line.  In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 7 FCC Rcd. 8752, 8771-8772 (1992).

44.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

45.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.  By way of further answer, Monarch specifically denies that Plaintiff is entitled to any recovery absent a viable claim pursuant to the TCPA.

46.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.  By way of further answer, Monarch specifically denies that Plaintiff is entitled to any recovery absent a viable claim pursuant to the TCPA.

47.     Admitted in part and denied in part.  Monarch admits that it left pre-recorded messages on Plaintiff's home telephone answering machine.  Unless otherwise admitted, Monarch denies the allegations in this paragraph.

48.     Denied.  Monarch lacks sufficient information, knowledge or belief as to the truth or falsity of the allegations in this paragraph, and therefore, same are denied.  By way of further answer, Monarch specifically denies that it is required to obtain express consent prior to placing automated telephone calls to Plaintiff's residential number in an attempt to collect upon her valid and delinquent debt obligation.

49.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.  By way of further answer, in accordance with section 277(b)(1)(B), the FCC specifically exempted debt collectors from this provision allowing debt collectors to utilize pre-recorded messages when contacting a consumer on his/her residential telephone line.  In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 7 FCC Rcd. 8752, 8771-8772 (1992).

Monarch objects to the requests set forth in the "WHEREFORE clause" of Plaintiff's Complaint.  Specifically, Monarch objects to Plaintiff's prayer for relief in the absence of any plausible claims under the FDCPA or the TCPA.  Further, Monarch objects to the Plaintiff's prayer for attorney's fees and costs unless and until Plaintiff is declared a prevailing party.  Monarch contends that Plaintiff is not entitled to any recovery as both a matter of fact and a matter of law in the absence of any violation of the FDCPA.  Monarch further denies that Plaintiff is entitled to any relief under the TCPA as its conduct was not violative of its provisions.  To the extent that Plaintiff is suggesting that Monarch

violated any law or is somehow liable to Plaintiff, Monarch denies same. Monarch refers all questions of law to the Court.

## ANSWER TO DEMAND FOR JURY TRIAL

Admitted in part and denied in part.  Monarch admits that Plaintiff has demanded a trial by jury.  Monarch denies that Plaintiff has a right to a jury trial in the absence of any viable claims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim under the FDCPA or TCPA upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any violation of the FDCPA by Monarch,  which Monarch denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff suffered no damage from the alleged violations by Monarch and therefore is not entitled to any award of damages, attorney fees or costs.

### FOURTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Monarch denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of Monarch.

14

## FIFTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Monarch denies, was due to the affirmative actions and/or omission of Plaintiff or others and does not give rise to any claim of damages against Monarch.

## SIXTH AFFIRMATIVE DEFENSE

Declaratory relief is unavailable to private litigants for claims premised on the FDCPA.  See Weiss v. Regal Collections, 385 F.3d 337, 341-42 (3d Cir. 2004).  Additionally, plaintiff seeks declaratory relief premised on the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 (1976), to circumvent the purposeful exclusion of declaratory relief under the FDCPA, and plaintiff's attempt to seek declaratory or injunctive relief should be dismissed or withdrawn.  See Weiss, supra., and see Sibley v. Fulton Dekalb Collection Service, 677 F.2d 830, 834 (11th Cir. 1982)("The thrust of the [FDCPA] is prevention of harassment and abuse as well as false, deceptive or misleading practices....  equitable relief is not available to an individual under the civil liability section of the Act").

Additionally, The U.S. District Court for the Central District of Illinois thoroughly analyzed this issue in Zanni v. Lippold, 119 F.R.D. 32, 33 (D. Ill. 1988) as follows:

> In Duran v. Credit Bureau of Yuma, 93 F.R.D. 607 (D. Ariz. 1982), the court held that it was without jurisdiction to grant injunctive relief to a consumer aggrieved by a debt collector's failure to comply with the requirements of the Fair Debt Collection Practices Act (FDCPA). That view is supported by the language of the FDCPA, . . . .  by the Act's legislative history; by a comparison of the Act with other consumer protection statutes and cases which have specifically ruled that comparable civil liability or enforcement provisions should be

narrowly construed.  Id. at 608 (footnotes omitted).  Similarly, in Strong v. National Credit Management Co., 600 F. Supp. 46 (E.D. Ark. 1984), the court stated: "The FDCPA specifically authorizes the Federal Trade Commission (FTC) to seek injunctive relief (15 U.S.C. § 1691(l)) and defendant persuasively argues that this is a strong indication of Congress' intent to limit private actions to damage claims." Thus, the Court held no private action for injunctive relief lies under the statute. Finally, we consider the Act's legislative history. The Senate Report on the FDCPA, S. Rep. No. 382, 95th Cong., 2d Sess. 5, reprinted in 1977 U.S. Code Cong. & Ad. News 1695, 1699-1700, sets out detailed civil liability penalties.  These penalties, however, are neatly divided according to who is bringing the action. Consumers are allowed "actual damages . . . .  as well as any additional damages the court deems appropriate, not exceeding $ 1,000."  Significantly, the report does not say "as well as any additional relief the court deems appropriate."  Clearly, Congress was allowing only for monetary damages where private parties were concerned.  Conversely, in the following section of the report, entitled "Administrative enforcement," the report states: "The Federal Trade Commission is authorized to treat violations of the act as violations of a trade regulation rule, which empowers the Commission to obtain restraining orders and seek  fines in federal district court."  Thus, Congress did provide for injunctive relief under the Act, but reserved its availability to the FTC.  Undoubtedly, there was a conscious decision made by Congress to divide the available relief.  We will not upset Congress' decision.

Therefore, Plaintiff's efforts to seek declaratory relief by circumventing the FDCPA through application of the Federal Declaratory Judgment Act, as expressed in ¶ 5, fail as a matter of law and should be withdrawn, stricken or dismissed.

**SEVENTH AFFIRMATIVE DEFENSE**

In the event Plaintiff is able to adequately plead a violation of the FDCPA, her entitlement to statutory damages is capped at $1,000 per legal action not per violation.  See Goodmann v. People's Bank, et al., 2006 U.S. App LEXIS 31555 (3d Cir. Dec. 21, 2006); Brown v. Law Offices of Butterfield, 2004 U.S. Dist. LEXIS 9822, *16 n8 Civil Action NO. 03-CV-05850 (ED Pa., May 24,

2004); <u>Dowling v. Kucker Kraus & Bush, LLP</u>, 2005 U.S. Dist. LEXIS 11000 (S.D.N.Y. 2005); Mann v. Acclaim Fin Servs., 348 F. Supp. 2d 923, 926 (SD.Ohio 2004); and see <u>Ganske v. Checkrite, Ltd.</u>, 1997 U.S. Dist. LEXIS 4345, 12-13 (D. Wis. 1997): <u>Wright v. Finance Service of Norwalk, Inc.</u>, 22 F.3d 647, 650-51 (6th Cir. 1994); <u>Harper v. Better Business Services, Inc.</u>, 961 F.2d 1561, 1563 (11th Cir. 1992); <u>Donahue v. NFS, Inc.</u>, 781 F. Supp. 188, 191 (W.D.N.Y 1991); <u>Wiener v. Bloomfield</u>, 901 F. Supp. 771 778 (S.D.N.Y. 1995); <u>Teng v. Metropolitan Retail Recovery</u>, 851 F. Supp. 61, 69 (E.D.N.Y. 1994); <u>Beattie v. D.M. Collections, Inc.</u>, 764 F. Supp. 925, 928 (D.Del. 1991); <u>Harvey v. United Adjusters</u>, 509 F. Supp. 1218, 1222 (D.Or. 1981).

## EIGHTH AFFIRMATIVE DEFENSE

Monarch is not a telemarketers and the TCPA does not apply to debt collectors.  The FCC has made clear "'that debt collection calls are exempt from the TCPA's prohibitions against prerecorded message class because they are commercial calls which do not convey an unsolicited advertisement and do not adversely affect residential subscribers rights."  In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 7 FCC Rcd. 8752, 8771-8772 (1992).  This is especially the case where Monarch did not use a predictive dialer that has the capacity to store telephone numbers or to generate telephone numbers randomly or sequentially.  Therefore, Count II of the Complaint should be dismissed or withdrawn.

17

## NINTH AFFIRMATIVE DEFENSE

Even if the TCPA would be deemed applicable to debt collectors, the FCC has limited the applicability of the TCPA to debt collection calls made to wireless telephone numbers.  The FCC is empowered by Congress to issue declaratory rulings under the TCPA.  See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, Request of ACA Int'l for Clarification and Declaratory Ruling, 23 FCC Rcd. 559, 564-65 (2008). (clarifying the TCPA's applicability to debt collectors is limited to wireless calls by autodialers that have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator).  Here, even though Monarch was not using an autodialer that possessed the capacity to store or produce numbers to be called, even if it did use such equipment, calls to a residential telephone number by a debt collector are specifically exempted by the TCPA.  See also Santino v. NCO Fin. Sys., 2011 U.S. Dist. LEXIS 18185 (W.D.N.Y. Feb. 23, 2011).

## TENTH AFFIRMATIVE DEFENSE

Even if the TCPA would be deemed applicable to debt collectors, the FCC has limited the applicability of the TCPA to debt collection calls made to wireless telephone numbers.  The FCC is empowered by Congress to issue declaratory rulings under the TCPA.  See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Request of ACA International for Clarification and Declaratory Ruling, CG Docket No. 02-278 (January 4, 2006)(clarifying the TCPA's applicability to debt

18

collectors is limited to wireless calls by autodialers that have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator).  Here, even though Monarch was not using an autodialer that possesses the capacity to store or produce numbers to be called, even if it did use such equipment, calls to a residential telephone number by a debt collector are specifically exempted by the TCPA.  Plaintiff's claims in Count II of the Complaint rest on a misapplication of the law and should  be withdrawn or dismissed.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has a pre-existing business relationship with the creditor. Therefore, calls from Monarch are specifically exempted from the TCPA as a clear matter of law.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to articulate any facts supporting a claim under 15 U.S.C. §1692f, except with respect to redundant allegations based on §1692d and §1692e.  Therefore, Plaintiff's claims under §1692f are redundant and should be dismissed or withdrawn.  See Shand-Pistilli v. Prof'l Account Servs., 2010 U.S. Dist. LEXIS 75056, 16-17 (E.D. Pa. July 26, 2010)(*quoting* Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006)).

**WHEREFORE**, Defendant, Monarch Recovery Management, Inc., respectfully request this Honorable Court enter judgment in its favor dismissing Plaintiff's Complaint and any and granting all other relief as the Court deems is just and proper.

<div style="margin-left:40%">

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

**_/s/ Lauren A. Moser_**
LAUREN A. MOSER
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
215-575-2677/ 215-575-0856 (f)
LZMoser@mdwcg.com
Attorneys for Defendant

</div>

Date: September 12, 2011        Monarch Recovery Management, Inc.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANGELA HOOVER

              Plaintiff,

    vs.

MONARCH RECOVERY
MANAGEMENT, INC.,

              Defendant.

Civil Action No.

5:11-CV-04322-CMR

## CERTIFICATE OF SERVICE

I, Lauren A. Moser, Esquire, do hereby certify that a true and correct copy of Defendant, Monarch Recovery Management, Inc.'s, Answer to Plaintiff's Complaint with Affirmative Defenses was served upon counsel for Plaintiff **by ECF** on September 12, 2011.

              **MARSHALL, DENNEHEY, WARNER,**
              **COLEMAN & GOGGIN**

              ***/s/ Lauren A. Moser***
              Lauren A. Moser
              Attorneys for Defendant
              Monarch Recovery Management, Inc.