## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANGELA HOOVER**<br><br>            **Plaintiff,**<br><br>     **vs.**<br><br>**MONARCH RECOVERY**<br>**MANAGEMENT, INC.,**<br><br>            **Defendant.** | **Civil Action No.**<br><br>**5:11-CV-04322-CMR** |

## MOTION OF DEFENDANT, MONARCH RECOVERY MANAGEMENT, INC., FOR JUDGMENT ON THE PLEADINGS

Defendant, Monarch Recovery Management, Inc. (hereinafter "Monarch") hereby moves for a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), and in support thereof, avers as follows:

1.     On July 5, 2011, Plaintiff filed her Complaint in the above-referenced matter alleging that Defendant, Monarch, violated various sections of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, *et seq.* ("TCPA").  (*See* Plaintiff's Complaint, attached hereto as Exhibit "A.")

2.     On September 12, 2011, Monarch filed an Answer to Plaintiff's Complaint denying liability under the TCPA and FDCPA.   (*See* Answer to Plaintiff's Complaint, attached hereto as Exhibit "B.")

3.     In her Complaint, Plaintiff attempts to advance several claims under the TCPA alleging that Monarch made telephone calls to Plaintiff, on her **residential** telephone, utilizing pre-recorded voicemail messages and an alleged automatic telephone dialing system.  *See* Exhibit "A", ¶¶21-31.

4.     Plaintiff also contends that Monarch continuously and repeatedly contacted her on her home telephone number.  In support of this allegation, Plaintiff avers that Defendant contacted her on Monday, May 24, 2010, at 8:15 a.m.; on Wednesday, May 26, 2010, at 9:25 a.m.; and Friday, May 28, 2010, at 8:24 a.m.  *See* Exhibit "A," ¶¶ 19-20.

5.     Plaintiff further claims that during her conversations with representatives from Monarch, they requested information regarding her marital status, number of dependents she had and other personal information. Plaintiff avers that this information was obtained solely to harass her.  *See* Exhibit "A," ¶ 33.

6.     Finally, Plaintiff claims that Monarch's actions were "harassing, abusive and highly deceptive."  *See* Exhibit "A", ¶ 34.

7.     Plaintiff claims that Monarch engaged in harassing behavior in violation of Section 1692d.  Presumably, this claim is based upon Monarch's request for Plaintiff's personal information in connection with its attempts to collect upon Plaintiff's debt obligation.  *See* Exhibit "A", ¶ 41(b).

8.     Plaintiff's allegation that Monarch violated Section 15 U.S.C. § 1692d(5) is seemingly based on telephone calls with respect to the subject debt that are referenced throughout Plaintiff's Complaint, none of which occurred within the same day or within a day of each other.  *See* Exhibit "A," ¶¶20-27.

9.     Plaintiff also asserts a redundant claim under Section 1692f based on the conduct giving rise to Plaintiff's claims under Section 1692d.  *See* Exhibit "A", ¶ 41(e).

10.    Plaintiff has failed to provide the number of calls or the nature of calls that she received from Monarch that allegedly were harassing and/or made with the intent to harass, annoy or abuse Plaintiff.  Instead, Plaintiff merely alleges that calls were made on the following dates:  May 24, 2010; May 26, 2010; May 28, 2010; June 8, 2010; July 6, 2010; July 11, 2010; July 13, 2010; and August 3, 2010.

11.    These allegations on their face do not present a viable basis for a violation under Section 1692d or 1692d(5).

12.    Finally, Plaintiff alleges that Defendant's conduct violated Section 227(b)(1)(B) of the TCPA insofar as Monarch called Plaintiff's **residential** telephone using an automatic dialer and/or artificial pre-recorded voice.  *See* Exhibit "A", ¶¶ 28 -32.

13.    Plaintiff's TCPA claims all arise out of telephone calls made to Plaintiff's **residential** telephone.  The Federal Communication Commission has made clear "that debt collection calls are exempt from the TCPA's prohibitions against pre-recorded messages class because they are commercial calls which do not convey an unsolicited advertisement and do not adversely affect residential subscriber's rights."   In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 7 FCC Rcd. 8752, 8771-8772 (1992).

14.    Because Plaintiff does not allege Monarch initiated any telephone calls to her cellular telephone, Plaintiff has failed to state any factual allegations which support a claim under the TCPA.

3

15.     As discussed more fully in the accompanying Memorandum of Law, Plaintiff's claims fail as a matter of law.  Therefore, Monarch is entitled to judgment on the pleadings.

16.     Federal Rule of Civil Procedure 12(c) provides that any party may move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial.  Fed. R. Civ. P. 12(c).

17.     The standard for a Motion brought under Federal Rule of Civil Procedure 12(c) is the same as a Motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Turbe v. Government of Virgin Island*, 938 F.2d 427, 428 (3d Cir. 1991).

18.     Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a Complaint, in whole or in part, for failure to state a claim upon which relief may be granted.

19.     Judgment on the pleadings is appropriate if, taking all factual allegations as true and drawing all reasonable inferences presented in the pleadings in a light most favorable to Plaintiff, no right to relief is plausible. *See* Lum v.  Bank of America, 361 F.3d 217, 233 (3d Cir. 2004).

20.     In the present matter, judgment on the pleadings is warranted because Plaintiff fails to offer a single credible fact which would give rise to a viable claim against Monarch under the FDCPA or under the TCPA.

**WHEREFORE**, Defendant, Monarch Recovery Management, Inc., respectfully requests that this Honorable Court enter the Order attached to this Motion and enter judgment in favor of Monarch.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN**

BY:   (s) *Lauren A. Moser / lam0454*
        LAUREN A. MOSER, ESQUIRE
        1845 Walnut Street, 17th Floor
        Philadelphia, PA  19103
        (215) 575-2677/(215) 575-0856 (f)
        LZMoser@mdwcg.com
        Attorney for Monarch Recovery
        Management, Inc.

Date:  October 25, 2011
01/7245066.v1

5