IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANGELA HOOVER,                    )
                                  )    Civil Action
            Plaintiff             )    No. 11-cv-04322
                                  )
       v.                         )
                                  )
MONARCH RECOVERY MANAGEMENT, INC., )
                                  )
            Defendant             )

                      *    *    *

APPEARANCES:

        CRAIG THOR KIMMEL, ESQUIRE
        TARA L. PATTERSON, ESQUIRE
             On behalf of Plaintiff

        LAUREN A. MOSER, ESQUIRE
        ANDREW M. SCHWARTZ, ESQUIRE
             On behalf of Defendant

                      *    *    *

                  O P I N I O N

JAMES KNOLL GARDNER
United States District Judge

        This matter is before the court on the Motion of

Defendant, Monarch Recovery Management, Inc., for Judgment on the

Pleadings, filed October 25, 2011.  Plaintiff, Angela Hoover's

Opposition to Defendant's Motion for Judgment on the Pleadings

was filed November 8, 2011.[1]

_____

        [1]    In addition to defendant's motion and plaintiff's opposition, the
court also considered both parties' briefs in support of their motion and
opposition, as well as defendant's reply brief, plaintiff's sur-reply,
plaintiff's Complaint, and defendant's answer.

SUMMARY OF DECISION

For the reasons expressed below, I grant in part, and deny in part, defendant's motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c). Specifically, I grant defendant's motion for judgment on the pleadings and dismiss with prejudice the claims in Count I of Plaintiff's Complaint alleging that defendant violated § 1692d, generally, of the Fair Debt Collection Practices Act ("FDCPA")[2] (which prohibits harassing, oppressing, or abusing a debtor in the attempt to collect a debt); § 1692e of the FDCPA (which prohibits false, deceptive or misleading representations by a debt collector); and § 1692f of the FDCPA (which prohibits unfair or unconscionable means to collect a debt). I dismiss these claims because I agree with defendant that the Complaint fails to allege sufficient facts to support them.

I also grant defendant's motion for judgment on the pleadings and dismiss without prejudice to replead the claims in Count I of plaintiff's Complaint alleging that defendant violated the FDCPA generally and that defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA. I dismiss these claims because I agree with defendant that the Complaint fails to allege sufficient facts to support them.

---

[2]    15 U.S.C. §§ 1692-1692p.

Furthermore, I grant defendant's motion for judgment on the pleadings and dismiss with prejudice the claims in Count II of plaintiff's Complaint alleging that defendant violated the Telephone Consumer Protection Act ("TCPA")[3] (which prohibits calling a residential telephone line using an artificial or prerecorded voice without prior consent).  I dismiss these claims because I agree with defendant that the Complaint fails to allege sufficient facts to support them.

However, I deny defendant's motion in all other respects.  Specifically, I conclude that the factual averments contained in Count I plaintiff's Complaint support a reasonable inference that defendant violated § 1692d(5) of the FDCPA (which prohibits harassment by a debt collector by repeated or continuous telephone calls).

Finally, I grant plaintiff leave to file an amended complaint to allege, if she can, sufficient facts to state claims under §§ 1692c(b) and 1692g of the FDCPA.  I also grant plaintiff leave to amend to allege, if she can, sufficient facts to support that part of that part of Count I of her Complaint alleging that defendant violated the FDCPA generally and that defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

---

[3]    47 U.S.C. § 227.

JURISDICTION

This court has jurisdiction in this matter pursuant to 15 U.S.C. § 1692k(d)[4] and 28 U.S.C. § 1331 because plaintiff's Complaint alleges that defendant violated the Fair Debt Collection Practices Act and thus poses a federal question. This court also has jurisdiction in this matter pursuant to 28 U.S.C. § 1367(a) because plaintiff's Complaint alleges that defendant violated the Telephone Consumer Protection Act, and because the conduct which plaintiff alleges violates the TCPA arises out of the same case or controversy as plaintiff's FDCPA claims.[5]

VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to plaintiff's claims allegedly occurred in Strasburg, Lancaster County, Pennsylvania, which is located in this judicial district.

---

[4]     Section 1692k(d) provides:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. § 1692k(d).

[5]     In Landsman & Funk PC v. Skinder-Strauss Associates, 640 F.3d 72, 90 (3d Cir. 2011) the United States Court of Appeals for the Third Circuit concluded that "neither the TCPA itself nor our decision in *ErieNet* precludes district courts from hearing TCPA claims where an independent basis for federal jurisdiction, like diversity or supplemental jurisdiction, exists."

STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(c), judgment on the pleadings will be granted only if "the movant clearly establishes there are no material issues of fact, and [it] is entitled to judgment as a matter of law." Sikirica v. Nationwide Insurance Company, 416 F.3d 214, 220 (3d Cir. 2005) (citing Society Hill Civic Association v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980)). The court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Sikirica, 416 F.3d at 220.

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed.R.Civ.P. 12(c). The pleadings are closed after an answer is filed, unless a reply to any additional claims asserted in the answer has not been filed. Austin Powder Company v. Knorr Contracting, Inc., 2009 WL 773695, at *1 (M.D.Pa. Mar. 20, 2009).

Ordinarily, in deciding a motion for judgment on the pleadings, the court considers the pleadings and attached exhibits,[6] undisputedly authentic documents attached to the

---

[6]     See Fed.R.Civ.P. 10(c).

- 5 -

motion for judgment on the pleadings if plaintiff's claims are based on the documents,[7] and matters of public record.[8]

However, where, as here, a motion for judgment on the pleadings asserts that plaintiff fails to state a claim upon which relief can be granted, I consider the motion under the same standard as a Rule 12(b)(6) motion even where no motion to dismiss under Rule 12(b)(6) has been made.[9]  See, e.g., Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991); Doe v. McVey, 381 F.Supp.2d 443, 448 (E.D.Pa. 2005) (Pollak, S.J.).  Therefore, I consider defendant's motion under a Rule 12(b)(6) standard of review.

To determine the sufficiency of a complaint in these circumstances, the court looks only to the facts alleged in the complaint and the content of any documents to which the complaint makes reference.  See, e.g., NIA Learning Center, Inc. v. Empire Fire and Marine Insurance Companies, 2009 WL 3245424, at *7 (E.D.Pa. Oct. 1, 2009)(Baylson, J.).

A claim may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."

---

[7]      CitiSteel USA, Inc. v. General Electric Company, 78 Fed.Appx. 832, 835 (3d Cir. 2003); Pension Benefit Guaranty Corporation v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

[8]      Chemi Spa v. GlaxoSmithKline, 356 F.Supp.2d 495, 496-497 (E.D.Pa. 2005) (Bartle, J.); see also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).

[9]      Federal Rule of Civil Procedure 12(h)(2) provides that the defense of failure to state a claim upon which relief can be granted may be made by a motion for judgment on the pleadings.  Fed.R.Civ.P. 12(h)(2).

A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings.  <u>Sands v. McCormick</u>, 502 F.3d 263, 268 (3d Cir. 2008).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief".  Rule 8(a)(2) does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.  <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.[10]

In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

---

[10]     The Supreme Court's Opinion in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly that the "facial plausibility" pleading standard set forth in <u>Twombly</u> applies to all civil suits in the federal courts.  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  This showing of facial plausibility then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged", and that plaintiff is entitled to relief. <u>Fowler</u>, 578 F.3d at 210 (quoting <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).

determine whether, under any reasonable reading, the plaintiff may be entitled to relief.  Fowler, 578 F.3d at 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits.  Phillips, 515 F.3d at 231.  Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  Id. at 234 (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotations omitted).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion.  First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted.  Fowler, 578 F.3d at 210.  Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded.  Id. at 210-211.

Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 211 (quoting Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on "its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "[merely] conceivable [or possible] to plausible." Iqbal, 556 U.S. at 679-680, 129 S.Ct. at 1949-1951, 178 L.Ed.2d at 884-885.

A well-pled complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941 (internal quotations omitted).

PLAINTIFF'S CLAIMS

In her two-count Complaint, plaintiff Angela Hoover alleges that defendant Monarch Recovery Management, Inc. violated 15 U.S.C. §§ 1692d-1692f of the Fair Debt Collection Practices Act (Count I) and section 227(b)(1)(B) of the Telephone Consumer Protection Act (Count II).  47 U.S.C. § 227(b)(1)(B).[11] Specifically, in Count I plaintiff alleges that defendant: (1) violated the FDCPA generally; (2) violated § 1692d, which prohibits harassing a consumer in the collection of an alleged debt; (3) violated § 1692d(5), which prohibits calling a consumer repeatedly or continuously with intent to harass, annoy, or abuse

_____

[11]     Complaint at ¶¶ 41 and 50.

the consumer; (4) violated § 1692e, which prohibits using false, deceptive, or misleading means in the collection of an alleged debt; (5) violated § 1692f, which prohibits using unfair or unconscionable means to attempt to collect an alleged debt; and (6) acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.[12]

In Count II of plaintiff's Complaint, she alleges that defendant violated § 227(b)(1)(B) of the TCPA, which prohibits calling a residential telephone using an artificial prerecorded voice without the consent of the individual being called.[13]

<u>FACTS</u>

Based upon the well-pled averments in plaintiff's Complaint, which I must accept as true under the applicable standard of review discussed above, the pertinent facts are as follows.

Plaintiff Angela Hoover is an adult individual who resides in Strasburg, Lancaster County, Pennsylvania.  Defendant Monarch Recovery Management, Inc. is a debt collection company which sought to collect an alleged consumer debt from plaintiff. Plaintiff's alleged debt arose from transactions primarily for personal, family, and household purposes.[14]

---

[12]    Complaint at ¶ 41(a)-(f).

[13]    Complaint at ¶ 50.

[14]    Complaint at ¶¶ 6, 7-9, 15 and 16.

Defendant contacted plaintiff constantly and continuously on her home telephone from late May, 2010 until early August, 2010, seeking payment for an alleged consumer debt. Plaintiff received both telephone calls and recorded voice messages from defendant. Defendant willfully and knowingly used an "automated telephone dialing system or pre-recorded or artificial voice" when contacting plaintiff on the telephone.[15]

Defendant contacted plaintiff for debt collection purposes, on average, more than ten times per week for approximately eleven weeks. Examples of particular times defendant placed calls to plaintiff's home include Monday, May 24, 2010, at 8:15 a.m., Wednesday, May 26, 2010, at 9:25 a.m., and Friday, May 28, 2010, at 8:24 a.m.[16]

Plaintiff received automated, prerecorded voice messages on her home answering machine, which were able to be heard by members of plaintiff's family, including her minor children. The voice messages contained the following message:

> This is a message for Angela Hoover. If this is not you please hang up or disconnect. By continuing to listen to this message you acknowledge you are Angela Hoover. This is Monarch Recovery Management. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about

---

[15]    Complaint at ¶¶ 28 and 32.

[16]    Complaint at ¶¶ 15, 17-20 and 27.

this matter at 888-220-2577 and refer to file
number 98500370.  Thank you.[17]

Examples of particular times defendant left the above voice
message include June 8, 2010, at 8:23 a.m.; July 5, 2010; July 6,
2010 at 9:26 a.m.; July 11, 2010 at 12:20 p.m.; July 13, 2010, at
8:57 a.m.; and August 3, 2010, at 8:13 a.m.[18]

Plaintiff provided neither defendant, nor the original
creditor of the alleged debt, express consent to make telephone
calls by an automatic telephone dialing system or by a
prerecorded or artificial voice.  Defendant knew that it did not
have plaintiff's consent prior to placing these calls.[19]

Finally, when plaintiff spoke with a representative of
defendant, defendant's representative asked plaintiff personal
questions, including whether she was married and how many
dependents she had.  Plaintiff further avers that defendant's
representative sought other unidentified personal information.[20]

## DISCUSSION

### Count I

**Section 1692d: Harassment or Abuse**

#### Requesting Personal Information

Section 1692d of the Fair Debt Collection Practices Act

---

[17]     Complaint at ¶¶ 22 and 24-27 and Exhibits A-E.

[18]     Complaint at ¶¶ 21-27 and Exhibits A-E.

[19]     Complaint at ¶¶ 29, 31 and 32.

[20]     Complaint at ¶ 33.

- 12 -

provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

Initially, plaintiff contends that defendant violated § 1692d generally by repeatedly asking her personal questions, including whether she was married and how many dependents she had.[21]  The United States Court of Appeals for the Third Circuit requires that a district court analyze the statutory requirements of the FDCPA "from the perspective of the least sophisticated consumer." Campuzano-Burgos v. Midland Credit Management, Inc., 550 F.3d 294, 298 (3d Cir. 2006) (quoting Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008)).

Violations of § 1692d involve "tactics intended to embarrass, upset, or frighten a debtor." Donatelli v. Warmbrodt, 2011 U.S.Dist. LEXIS 69207, at *32 (W.D.Pa. 2011) (quoting Harvey v. Great Seneca Financial Corporation, 453 F.3d 324, 330 (6th Cir. 2006)).

Generally, "whether conduct harasses, oppresses, or abuses will be a question for the jury". Regan v. Law Offices of Edwin A. Abrahamsen & Associates, P.C., 2009 U.S.Dist. LEXIS 112046, at *18 (E.D.Pa. Dec. 1, 2009) (Yohn Jr., S.J.) (quoting Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1179 (11th Cir.

---

[21]    Id.

- 13 -

1985).  However, the conduct plaintiff alleges must still meet a threshold level in which the facts support a reasonable inference that she has made a plausible claim to relief under § 1692d. Accordingly, a court will not permit "bizarre or idiosyncratic interpretations of collection notices".  Campuzano-Burgos, 550 F.3d at 298 (quoting Rosenau, 539 F.3d at 221).

Plaintiff contends that "the reason [Congress] passed the FDCPA was because of the abundant evidence of 'invasions of individual privacy,' stemming from debt collection activity."[22] This intent is demonstrated in § 1692d(3), which states that a debt collector may not publish "a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements" of other sections of the Act. 15 U.S.C. § 1692d(3).

However, nothing in § 1692 suggests that a goal of the FDCPA is to prevent debtors from revealing private information about themselves.  Pursuant to § 1692d(3), the privacy issue the FDCPA sought to prevent was debt collectors revealing private information about debtors, not debt collectors encouraging debtors to reveal private information about themselves.

Plaintiff has provided no authority to support her proposition that the act of a debt collector asking for personal

---

[22]     Plaintiff, Angela Hoover's Brief in Opposition to Defendant, Monarch Recovery Management, Inc's Motion for Judgment on the Pleadings at page 13.

information from a consumer constitutes harassment under § 1692d. Moreover, I conclude that plaintiff's claims do not rise to the level of seriousness against which § 1692d is intended to protect.

For example, in <u>Thomas v. LDG Financial Services, LLC</u>, the United States District Court for the Northern District of Georgia granted a motion to dismiss a § 1692d claim when defendant debt collector told plaintiff debtor that the creditor was going to be paid "one way or the other", yelled that "Georgia is a garnishable state", and then hung up the phone. 463 F.Supp.2d 1370, 1371-1372 (N.D.Ga. 2006).

In <u>Unterreiner v. Stoneleigh Recovery Associates, LLC</u>, the United States District Court for the Northern District of Illinois granted defendant debt collector's motion to dismiss a § 1692d claim where plaintiff debtor alleged that defendant "screamed" at her, told her that she owed "all kinds of money", and asked: "How could you go and max out a card like that?". 2010 U.S.Dist. LEXIS 60786, at *2 (N.D.Ill. 2010).[23]

If defendant asked plaintiff for personal information "repeatedly or continuously", which is not pled by plaintiff

---

[23]    <u>See also</u> <u>Kelemen v. Professional Collection Systems</u>, 2011 WL 31396, at *3 (M.D.Fla. 2011); <u>Bassett v. I.C. System, Inc.</u>, 715 F.Supp.2d 803, 809 (N.D.Ill. 2010); and <u>Guajardo v. GC Services, LP</u>, 2009 WL 3715603, at *1 (S.D.Tex. 2009).

here,[24] that may constitute a violation of § 1692d(5), which is addressed below.  However, I conclude that the mere fact that defendant asked plaintiff for personal information is insufficient to support a reasonable inference that she has a plausible claim to relief under § 1692d generally.

Accordingly, I grant defendant's motion for judgment on the pleadings to the extent that plaintiff's Complaint alleges a violation of § 1692d generally and dismiss with prejudice that portion of Count I alleging a § 1692d general claim.

<u>§ 1692d(5): Calling repeatedly or continuously</u>

Next, plaintiff contends that defendant violated subsection 5 of § 1692d, which prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."  15 U.S.C. § 1692d(5).  Hence, plaintiff must provide sufficient facts to support a plausible claim not only that defendant contacted her by telephone repeatedly or continuously, but also did so with intent to annoy, abuse, or harass her.

Plaintiff avers that defendant contacted her by telephone, on average, more than ten times per week, for

---

[24]    In her Complaint, plaintiff avers that when she spoke to defendant, defendant asked questions about her marital status, number of dependents, and requested other personal information.  Complaint at ¶ 33. However, plaintiff does not aver that these questions were asked "repeatedly or continuously" or allege how many times plaintiff spoke to defendant.

approximately eleven weeks.[25]  To determine whether plaintiff has pled conduct by defendant constituting "actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of the calls."  <u>Shand-Pistilli v. Professional Account Services, Inc.</u>, 2010 U.S.Dist. LEXIS 75056, at *11 (E.D.Pa. July 26, 2010)(O'Neill, S.J.).

In <u>Shand-Pistilli</u>, my colleague Senior United States District Judge Thomas N. O'Neill, Jr. concluded that plaintiff pled sufficient facts to support a reasonable inference that the purpose of defendant's repeated phone calls was to harass or annoy plaintiff.  <u>Id.</u> at *11-12.  While unlike in <u>Shand-Pistilli</u>, plaintiff in this case does not aver that she asked defendant to stop contacting her, plaintiff does aver that the calls made to her home telephone were constant and continuous,[26] as plaintiff in <u>Shand-Pistilli</u> also alleged.  <u>Id.</u> at *12.

Furthermore, the volume of calls in this case, 110 times over an eleven-week period, is significantly higher than other cases in which courts in this judicial district permitted the parties to reach the discovery stage.  For example, in <u>Shand-Pistilli</u>, the court denied a defendant's motion to dismiss a § 1692d(5) claim when plaintiff averred that defendant had made

---

[25]     Complaint at ¶¶ 15, 17, 19, 20 and 27.

[26]     Complaint at ¶ 17.

"continuous" calls to plaintiff, without specifying an amount.
Id. at *12-13.

In addition, my colleague United States District Judge
Gene Pratter denied defendant's motion to dismiss a § 1692d(5)
claim when plaintiff identified nine times when defendant called
her in a thirty-day period, and averred that defendant called her
other times as well.  Carr v. NCO Financial Systems, Inc.,
2011 U.S.Dist. LEXIS 145993 (E.D.Pa. Dec. 20, 2011) (Pratter,
J.).

Plaintiff cites the decision in Krapf v. Nationwide
Credit Inc., 2010 U.S.Dist. LEXIS 57849 (C.D.Cal. May 21, 2010),
where the United States District Court for the Central District
of California noted that district courts disagree as to the
volume of calls sufficient to raise a plausible claim under
§ 1692d(5).[27]  Although the cases cited by the district court in
Krapf require plaintiff to meet a high threshold of call volume,
plaintiffs in those cases were permitted to proceed through
discovery before summary judgment was granted for failure to
meet that threshold.

For example in Tucker v. The CBE Group, Inc.,
710 F.Supp.2d 1301 (M.D.Fla. 2010) the court granted defendant's
motion for summary judgment when plaintiff averred that defendant

---

[27]     Plaintiff, Angela Hoover's Brief in Opposition to Defendant,
Monarch Recovery Management, Inc's Motion for Judgment on the Pleadings at
pages 8 and 9.

- 18 -

called her 57 times over an unspecified period, and once called her seven times in one day.  In Saltzman v. I.C. System, Inc., 2009 U.S.Dist. LEXIS 90681, at *10-11 & n.4 (E.D.Mich. Sept. 30, 2009) the court granted defendant's motion for summary judgment when plaintiff averred that defendant called plaintiff between ten and twenty times successfully and between twenty and fifty times unsuccessfully over approximately one month.

Defendant cites no instances where courts precluded a case with such a high volume of calls from proceeding to the discovery stage.  Rather, Shand-Pistilli and Carr, discussed above, reveal that in this judicial district, judges lean toward giving plaintiff an opportunity to conduct discovery if plaintiff alleges a significant volume of calls, even without alleging separate facts supporting defendant's intent.

Defendant cites a Western District of Washington case in which the United States District Court found that § 1692d(5) "does not even prevent a collector from calling multiple times in a week, or even in a day.[28]  Allegations of daily, or nearly daily, phone calls do not raise a triable issue of fact to claims under § 1692d(5)."  Dudley v. Powell Law Office, P.C., 2011 U.S.Dist. LEXIS 111688, at *2 (W.D.Wash. Sept. 29, 2011).

---

[28]    Brief in Support of Motion of Defendant, Monarch Recovery Management, Inc., for Judgment on the Pleadings at page 6.

In <u>Dudley</u>, the court granted defendant's motion to dismiss plaintiff's § 1692d(5) claim.  However, the <u>Dudley</u> case is distinguishable from the instant matter because in <u>Dudley</u>, defendant called plaintiff only four times in one day, and at no other time.  On the other hand, in the case before this court, defendant called plaintiff twice per day, each day for eleven weeks.

As noted above, "whether conduct harasses, oppresses, or abuses will be a question for the jury".  <u>Regan</u>, 2009 U.S.Dist. LEXIS 112046, at *18 (quoting <u>Jeter</u>, 760 F.2d at 1179).  Absent authority in this district that the volume and pattern of calls in this case fails to demonstrate an intent to harass, I find that plaintiff has pled sufficient facts to support a reasonable inference that defendant violated § 1692d(5) of the FDCPA.  Accordingly, defendant's motion for judgment on the pleadings regarding plaintiff's § 1692d(5) claim is denied.

**Section 1692e: False or misleading representations**

Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  A communication is deceptive for purposes of the FDCPA if "it can be reasonably read to have two or more different meanings, one of which is inaccurate, viewed from the perspective of the least sophisticated consumer."

Reed v. Pinnacle Credit Services, LLC, 2009 WL 2461852, at *4
(E.D.Pa. Aug. 11, 2009)(DuBois, S.J.).

Plaintiff contends that defendant violated § 1692e by
failing to include the amount of the alleged debt and the
identity of the creditor to whom the debt was owed in the voice
messages defendant left for plaintiff.[29]  Plaintiff does not,
however, claim that defendant violated § 1692g, which requires
the following:

> Within five days after the initial
> communication with a consumer in connection with
> the collection of any debt, a debt collector
> shall, unless the following information is
> contained in the initial communication or the
> consumer has paid the debt, send the consumer a
> written notice containing–
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt
> is owed;

15 U.S.C. § 1692g(a)(1) and (2).

Plaintiff argues that there was no written
communication from defendant, and that plaintiff did not know who
the original creditor was the entire time defendant was
attempting to contact her.[30]  Even if I were to take these
statements as true, which I do not because plaintiff does not
include these facts in her Complaint, I conclude that Congress

---

[29]    Plaintiff, Angela Hoover's Brief in Opposition to Defendant,
Monarch Recovery Management, Inc.'s Motion for Judgment on the Pleadings at
page 15.

[30]    Id. at page 16.

intended for omissions of such information to be dealt with under § 1692g.

Under § 1692e, Congress explicitly requires debt collectors to inform consumers of the fact that they are debt collectors and that any information obtained will be used for that purpose. 15 U.S.C. § 1692e(11). That Congress did not include other requirements, such as the amount of the debt and the original creditor's identity, while requiring such information in § 1692g, indicates that Congress did not intend for the omission of such information to constitute a violation of § 1692e. See Gozlon-Peretz v. United States, 498 U.S. 395, 404-405, 111 S.Ct. 840, 846-847, 112 L.Ed.2d 919, 930 (1991).

In Gozlon-Peretz the United States Supreme Court stated that "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion" (quoting Russello v. United States, 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17, 24 (1983)).

In addition to the lack of an explicit requirement in § 1692e and the existence of such a requirement in § 1692g, the conduct alleged by plaintiff would not amount to a violation of § 1692g. Section 1692g does not disallow withholding the amount of the debt and the original creditor's identity when speaking

with the debtor.  Rather, § 1692g disallows not sending a subsequent writing containing such information when it is not disclosed in the initial communication.  Plaintiff does not allege anywhere in her Complaint that defendant did not communicate to her the amount of the debt or the identity of the original creditor in the initial communication or in a subsequent written communication.

Furthermore, plaintiff fails to cite any authority providing that an omission of the amount of the debt or the identity of the original creditor renders a debt collection call deceptive or misleading in violation of § 1692e.  Moreover, my independent research reveals no such authority.

Given an absence of authority consistent with plaintiff's § 1692e claim, I interpret the inclusion of the requirements that the consumer be made aware of the amount of the debt and the original creditor's identity in § 1692g of the FDCPA, and the lack thereof in § 1692e, to indicate Congress' intent that the omission of such information in voice messages left for the consumer is not a violation of § 1692e.  Therefore, I grant defendant's motion for judgment on the pleadings to the extent that it claims a violation of § 1692e, and give plaintiff leave to amend that portion of Count I of her Complaint to attempt to state a claim under § 1692g.

### Section 1692f: Unfair practices

Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  Plaintiff contends that defendant also violated 15 U.S.C. § 1692f."[31]  For the reasons below, I grant defendant's motion for judgment on the pleadings with regard to this part of Count I of plaintiff's Complaint.

Plaintiff contends that the voice messages defendant left for plaintiff were unfair or unconscionable because the messages "were able to be heard by other people in her family, including her minor children."[32]  Part of plaintiff's argument for her § 1692f claim is that this type of behavior is not explicitly prohibited in any other section of the FDCPA.[33]

Plaintiff is correct in contending that § 1692f "operates as a catchall for conduct that is recognizably unfair, but not explicitly enumerated in other sections of the FDCPA."[34]  See Shand-Pistilli, 2010 U.S.Dist. LEXIS 75056, at *17.  However, this conduct is better suited as a claim under § 1692c(b).

---

[31]     Complaint at ¶ 41(e).

[32]     Complaint at ¶ 21; Plaintiff, Angela Hoover's Brief in Opposition to Defendant, Monarch Recovery Management, Inc.'s Motion for Judgment on the Pleadings at page 16.

[33]     Plaintiff, Angela Hoover's Brief in Opposition to Defendant, Monarch Recovery Management, Inc's Motion for Judgment on the Pleadings at page 16.

[34]     Id.

- 24 -

Section 1692c(b) explicitly provides that debt collectors may not communicate to a third party any information related to the collection of a debt "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy". 15 U.S.C. § 1692c(b).

The FDCPA is a strict liability statute, so the plaintiff need not show intent on the defendant's part. Allen v. LaSalle Bank, 692 F.3d 364, 368 (3d Cir. 2011). This general rule applies to § 1692c as well.

In Zortman v. J.C. Christensen & Associates, Inc., the United States District Court for the District of Minnesota denied defendant's motion for judgment on the pleadings of a § 1692c(b) claim where defendant left messages related to the collection of a debt on plaintiff's home and cellular phones, and the messages were overheard by plaintiff's children. 819 F.Supp.2d 874, 875-876 (D.Minn. 2011). The Zortman court reasoned that when considering § 1692c(b) "in light of the FDCPA as a whole, [§ 1692c(b)] does not require deliberate or purposeful disclosures to a third party." Id. at 880.

Other courts have also found that voice messages regarding the collection of a debt that are heard by third parties could constitute a violation of § 1692c(b). In

<u>Gryzbowski v. I.C. System, Inc.</u>, the United States District Court for the Middle District of Pennsylvania, quoting the United States Court of Appeals for the Eleventh Circuit, found that the FDCPA does not give a debt collector the right to leave messages on an answering machine.

Also, a debt collector cannot fail to disclose certain information in a voice message in violation of § 1692e(11), out of fear of disclosing this information to third parties in violation of § 1692c(b).  691 F.Supp.2d 618, 622-623 (M.D.Pa. 2010) (quoting <u>Edwards v. Niagara Credit Solutions, Inc.</u>, 584 F.3d 1350, 1352 (11th Cir. 2009)).  <u>Accord</u> <u>Foti v. NCO Financial Systems, Inc.</u>, 424 F.Supp.2d 643, 659 (S.D.N.Y. 2006).

The United States District Court for the District of New Jersey held in <u>FTC v. Check Enforcement</u> that a plaintiff states a claim under § 1692c(b) when plaintiff alleges that family members and other third parties heard a message left on the home answering machine by a debt collector attempting to collect an alleged consumer debt.  2005 U.S.Dist. LEXIS 34349, at *24 (D.N.J. July 1, 2005).  Accord Leahey v. Franklin Collection Service, Inc., 756 F.Supp.2d 1322, 1327 (N.D.Ala. 2010).

The United States District Court for the District of Florida has held that if a third party listens to a message from a debt collector regarding an alleged consumer debt in the

presence of the intended recipient, the debt collector could be in violation of § 1692c(b).  Berg v. Merchants Association Collection Division, Inc., 586 F.Supp.2d 1336, 1343-1344 (S.D.Fla. 2008).

Given the above authority, plaintiff may be able to state a claim under § 1692c(b).  That Congress did not include third party disclosure in § 1692f, yet did include it in § 1692c(b), generally means that Congress intended for third party disclosure not to constitute a violation of § 1692f.  See Gozlon-Peretz, 498 U.S. at 404-405, 111 S.Ct. at 846-847, 112 L.Ed.2d at 930.

Plaintiff fails to cite any authority demonstrating that communicating information to third parties constitutes a violation of § 1692f.  My research also reveals no such authority supporting plaintiff's § 1692f claim.  Furthermore, a complaint fails to state a claim under § 1692f unless it identifies some misconduct by the debt collector other than that which provides the basis for the plaintiff's claims under other provisions of the FDCPA.  Shand-Pistilli, 2010 U.S.Dist. LEXIS 75056, at *17.

While plaintiff has not used the third party disclosure to claim a violation of § 1692c(b), as noted above, Congress' intention in including § 1692f was to make it a catch-all for any conduct that did not violate any other section of the FDCPA. Because I find the conclusion of my colleague Senior Judge

O'Neill in Shand-Pistilli persuasive, I conclude that if plaintiff can claim a violation of another section of the FDCPA, she fails to state a claim under § 1692f.

Accordingly, I grant defendant's motion for judgment on the pleadings with regard to that portion of Count I alleging a violation of § 1692f.  However, I grant plaintiff leave to amend her Complaint to attempt to state a claim for violation of § 1692c(b).

### Plaintiff's Remaining FDCPA Claims

In her Complaint, plaintiff alleges that defendant violated the FDCPA generally (claim 1) and that defendant acted in an otherwise deceptive, unfair, and unconscionable manner and failed to comply with the FDCPA (claim 6).[35]

In its motion for judgment on the pleadings, defendant does not specifically argue for judgment with respect to claims (1) and (6) of Count I of plaintiff's Complaint.  However, defendant does state in its motion that "judgment on the pleadings is warranted because [p]laintiff fails to offer a single credible fact which would give rise to a viable claim against [defendant] under the FDCPA or under the TCPA."[36]

Because plaintiff does not allege separate facts for claims (1) and (6) of Count I of her Complaint, it is not clear

---

[35]    Complaint at ¶ 41.

[36]    Motion of Defendant, Monarch Recovery Management, Inc., for Judgment on the Pleadings at ¶ 20.

what plaintiff is alleging when she states that defendant violated the FDCPA generally or that defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

Claim (6) of Count I of plaintiff's Complaint appears to fall under § 1692e, which prohibits debt collectors from employing false, deceptive, or misleading representations, and § 1692f, which prohibits debt collectors from behaving in an unfair or unconscionable manner.

If plaintiff intends to use the same conduct being alleged as a violation of §§ 1692e and 1692f as a violation of another section of the FDCPA, that would run counter to Congress' intent.  See Gozlon-Peretz, 498 U.S. at 404-405, 111 S.Ct. at 846-847, 112 L.Ed.2d at 930.

If plaintiff intends to use different conduct to state a claim for a violation of another section of the FDCPA, plaintiff has not alleged what this separate conduct is and what particular section of the FDCPA defendant has violated, other than the sections plaintiff had explicitly cited, §§ 1692d-f.

The lack of clarity in plaintiff's Complaint makes it very difficult to determine whether she has asserted claims upon which relief can be granted.  Moreover, because of the lack of clarity, I conclude that defendant has not been provided with sufficient notice of the claims against it.

In appropriate circumstances, the court has the discretion to direct more specific factual allegations from plaintiffs.  See Thomas v. Independence Township, 463 F.3d 285, 289 (3d Cir. 2006).  I find this an appropriate circumstance for the exercise of my discretion to permit plaintiff to file an amended complaint to clarify the allegations being made in claims (1) and (6) of her Complaint.

<u>Count II</u>

**Telephone Consumer Protection Act**

The TCPA prohibits a person or entity within the United States from "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party".  47 U.S.C. § 227(b)(1)(B).  There are exceptions to this rule.

Congress delegated to the Federal Communications Commission ("FCC") the authority to issue rules or orders that exempt certain conduct from the purview of Section (b)(1)(B) of the TCPA.  47 U.S.C. §§ 227(b)(1)(B) and (b)(2)(B).

Congress required in the TCPA that if the exemptions the FCC created were for commercial purposes, the FCC needed to ensure that the calls exempted would not "adversely affect the privacy rights that [the TCPA] is intended to protect", and would

"not include the transmission of any unsolicited advertisement". 47 U.S.C.§§ 227(b)(2)(B)(ii)(I) and (II).

In 1992 the FCC acted on its authority and published a report that created an exception to Section (b)(1)(B) of the TCPA: a person or entity may call a residential line with an artificial or prerecorded voice without the prior consent of the person being called if the call is "made to any person with whom the caller has an established business relationship at the time the call is made", or if it is "made for a commercial purpose but does not include or introduce an unsolicited advertisement or constitute a telephone solicitation".  47 C.F.R. §§ 64.1200(a)(2)(ii) and (iii).

In its 1992 report, the FCC also stated that because "all debt collection circumstances involve a prior or existing business relationship", and "do not transmit an unsolicited advertisement", it is unnecessary to have an explicit exception solely for debt collection calls.  See 7 FCC Rcd. 8752, 8771-8773 (1992).

The FCC reaffirmed this position in 1995 and 2008:

> As we stated in the Report and Order, prerecorded debt collection calls are adequately covered by exemptions adopted in our rules.  Our rules explicitly exempt calls made either by a party with whom the subscriber has an established business relationship or calls that do not transmit an unsolicited advertisement and are made for a commercial purpose.

10 FCC Rcd 12391, 12400 (FCC 1995); 23 FCC Rcd 559, 565 ¶ 11
(FCC 2008).

The FCC has defined an "established business
relationship" as follows:

> [A] prior or existing relationship formed by a
> voluntary two-way communication between a person
> or entity and a residential subscriber with or
> without an exchange of consideration, on the basis
> of the subscriber's purchase or transaction with
> the entity within the eighteen (18) months
> immediately preceding the date of the telephone
> call or on the basis of the subscriber's inquiry
> or application regarding products or services
> offered by the entity within the three months
> immediately preceding the date of the call, which
> relationship has not been previously terminated by
> either party.

47 C.F.R. § 64.1200(f)(5).

Most district courts, as well as the United States
Court of Appeals for the Eleventh Circuit, have given deference
to the FCC's categorical statement that all debt collection calls
made to residential homes, including erroneous calls made to non-
debtors, are exempted from the TCPA, despite the fact that it
seems non-debtors do not have an established business
relationship with either the defendant or the original creditor
for whom the defendant is attempting to collect.  See Meadows v.
Franklin Collection Service, Inc., 414 Fed.Appx. 230, 235
(11th Cir. 2011); Anderson v. AFNI, Inc., 2011 U.S.Dist. LEXIS
51368, at *30-31 (E.D.Pa. May 11, 2011) (Dalzell, J.); McBride v.
Affiliated Credit Services, Inc., 2011 U.S.Dist. LEXIS 23131,

- 32 -

at *8 (D.Or. Mar. 6, 2011); and Santino v. NCO Financial Systems, Inc., 2011 U.S.Dist. LEXIS 18185, at *12-13 (W.D.N.Y. Feb. 24, 2011).

In contrast, a minority of district courts have concluded that the FCC has not considered non-debtors in terms of the TCPA, and that the exceptions the FCC created do not apply to erroneous calls made to non-debtors.

In Watson v. NCO Group, Inc., my colleague United States District Judge Legrome D. Davis concluded that because the FCC proceeded from the assumption that all debt collection calls involve a prior business relationship, and erroneous calls made to non-debtors involve no such relationship, then the FCC did not consider erroneous debt collection calls in creating its exceptions to the TCPA.  462 F.Supp.2d 641, 644 (E.D.Pa. Oct. 3, 2006) (Davis, J.).

Courts that follow Watson[37] analyze the facts of the case and decide whether the call falls under the exception for commercial calls that "do not adversely affect privacy rights and do not transmit an unsolicited advertisement."  Id.

It is true that non-debtors have no prior business relationship with debt collection agencies.  However, I am

---

[37]     This court is aware of only one court that has followed Watson for the proposition that the FCC did not consider erroneous debt collection calls in creating its exemptions to the TCPA.  See Jenkins v. Allied Interstate, Inc., 2009 U.S.Dist. LEXIS 94183, at *9-10 (W.D.N.C. 2009) where the court stated that "[c]alls erroneously made by a debt collector to an incorrect cell phone number are covered by [§ 227(b)(3)(C)] of the TCPA." (citing Watson).

persuaded by the majority of jurisdictions that have held that all debt collection calls, even calls made to non-debtors, fall under the exemptions the FCC already created, specifically the exception for commercial calls that do not transmit an unsolicited advertisement and do not constitute a telephone solicitation.  47 C.F.R. § 64.1200(a)(2)(iii).

I agree with the United States District Court for the Western District of New York, which stated in Franasiak v. Palisades Collection, LLC that it is up to the FCC to determine whether a non-debtor's privacy rights have been violated, and that by classifying all debt collection calls as within their exceptions to the TCPA, the FCC has made that decision. 822 F.Supp.2d 320, 325 (W.D.N.Y. 2011).

The FCC created exceptions to the TCPA and stated that all debt collection calls are covered by the exceptions.  Thus, I exercise my discretion not to question that determination, especially when that determination has been twice repeated, and not changed or clarified since the Watson decision. 10 FCC Rcd 12391, 12400 (FCC 1995); 23 FCC Rcd 559, 565 ¶ 11 (FCC 2008).

Even if I were to consider, as did Watson, whether defendant violated plaintiff's privacy rights, plaintiff's TCPA claim would still be dismissed.  Once the court in Watson concluded that the FCC did not consider non-debtors in creating

its exceptions to the TCPA, the court analyzed itself whether that particular case fell under one of the FCC's exceptions.

The only exception it could fall under was a commercial call that did not transfer an unsolicited advertisement or constitute a telephone solicitation.  47 C.F.R. § 64.1200(a)(2)(iii).  While calls to non-debtors seem to fall under this exception, the court must still consider whether the non-debtor's privacy rights have been violated.  Title 47 U.S.C. § 227(b)(1)(B) ensures that any exceptions the FCC made to the TCPA would not "adversely affect the privacy rights that [the TCPA] is intended to protect".

The Watson court held that non-debtors have "vastly greater privacy rights" than debtors.  Watson, 462 F.Supp.2d at 644.  In Watson, plaintiff non-debtor received over 200 calls from defendant over a period of five months, and spent over 53 hours speaking with 29 of defendant's agents to explain that he did not owe defendant any debt and repeatedly and unsuccessfully attempted to stop the debt collection calls.  Id. at 643.

In Watson, Judge Davis concluded that "[w]hile the FCC has declared that a debtor's privacy rights are not adversely affected when he receives debt collection calls...a non-debtor's rights are in fact violated when he is subjected to repeated annoying and abusive debt collection calls *that he remains powerless to stop*."  Id. at 644-45 (emphasis added).

The case at hand is factually distinguishable from Watson.  Plaintiff in this case does not allege in her Complaint that she ever attempted to contact defendant to say that she was a non-debtor, or that she ever attempted to get the calls to stop.  Even if the court interprets the use of the phrase "alleged debt" throughout the Complaint in the light most favorable to the plaintiff and takes it as true that plaintiff was a non-debtor, unlike in Watson, plaintiff did not remain "powerless to stop" defendant's calls.  Id.

The reason the Watson court ruled against the FCC's seemingly clear statement that all debt collection calls made to residential telephone lines are exempt from the TCPA is because of the extreme facts giving rise to the invasion of privacy in that case.  Though the FCC may have decided that debt collection calls do not constitute invasions of privacy against which the TCPA is intended to protect, the Commission could not have envisioned the extreme facts in Watson.

Because plaintiff's privacy rights here were not violated to the extent that plaintiff's were in Watson, I will defer to the FCC's position that all debt collection calls fall under its exceptions to the TCPA, and that the debt collection calls made to plaintiff do not constitute an invasion of privacy as a matter of law.

Accordingly, defendant's motion for judgment on the pleadings with regard to plaintiff's TCPA claim contained in Count II of plaintiff's Complaint is granted and Count II is dismissed with prejudice.

CONCLUSION

For the reasons expressed above, I grant defendant's Motion for Judgment on the Pleadings in part and deny it in part. I dismiss plaintiff's claim under the § 1692d, generally, of the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act with prejudice.

I dismiss plaintiff's claim under § 1692e with prejudice, and grant plaintiff leave to file an amended complaint to attempt to state a claim under § 1692g.

I dismiss plaintiff's claim under § 1692f with prejudice, and grant plaintiff leave to file an amended complaint to attempt to state a claim under § 1692c(b).[38]

I also dismiss that portion of Count I of plaintiff's Complaint alleging that defendant violated the FDCPA generally and that defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

---

[38]     Rule 15 of the Federal Rules of Civil Procedure make it clear that the court should freely give leave to amend a complaint when amendment is not futile.  Fed.R.Civ.P. 15(a)(2).  See also Barr v. Diguglielmo, 348 Fed.Appx. 769, 775 n.4 (3d Cir. 2009) which directs the district court to grant plaintiff leave to amend his complaint after vacating the district court's Order granting defendant's motion for judgment on the pleadings.  Accordingly, I have permitted plaintiff to file an amended complaint to attempt to assert claims under § 1692c(b) and § 1692g.

I grant plaintiff leave to file an amended complaint to clarify such claims in Count I of her Complaint.

Finally, I deny defendant's motion in all other respects.  Specifically, I permit plaintiff's § 1692d(5) claim to proceed.